# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL WILLIAMS, : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-12-2440 |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | (Judge Caputo) |
| CORRECTIONS at SCI CAMP HILL, : | |
| *et al.*, : | |
| Defendants : | |

# ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 25, 2012, Mr. Williams, a state inmate formerly housed at SCI-Camp Hill, in Camp Hill, Pennsylvania, filed this *pro se* civil rights action alleging that prison officials and medical staff were deliberately indifferent to his injured neck. (Doc. 1, Compl.) Mr. Williams was housed at SCI-Greensburg when he initiated this action.

On June 24, 2013, the court screened his complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). *See* Doc. 9. The court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Mr. Williams' failure to state a claim on which relief could be granted against the named defendants. Mr. Williams, however, was granted leave to file an amended complaint in an attempt to remedy the identified deficiencies of his original Complaint. (*Id.*) On July 8, 2013,

the Court's screening order (Doc. 9), mailed to Mr. Williams' last known address was returned as undeliverable. (Doc. 10).

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

In this instance, on December 7, 2012, the Court sent Mr. Williams a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the Court of any change of address. *See* Doc. 3. He was warned that if he failed to notify the Court of his change of address, he will be deemed to have abandoned his

action. Mr. Williams was aware of his affirmative obligation to notify the Court of his current address as evidenced by his December 17, 2012, notification to the Court of his release from SCI-Greensburg and transfer to the Allie Kiski Pavillion in Arnold, Pennsylvania. See Doc. 6. Yet mail sent to him at his last known address, provided by him, has been returned to the Court as undeliverable. See Doc. 10. A search of the Pennsylvania Department of Corrections computerized Inmate Locator revealed that Mr. Williams is not in the custody of the Pennsylvania Department of Corrections. Efforts to obtain Mr. Williams' forwarding address from the Alle Kiski Pavillion were unsuccessful. At this point, as a result of Mr. Williams' failure to notify the Court of his present location, we are unable to communicate with him. As such, it would be a waste of judicial resources to allow this action to continue. This finding is underscored by our dismissal of Mr. Williams' Complaint on screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

AND NOW, this 22nd day of **July, 2013**, it is ordered that:

1. Pursuant to Fed. R. Civ. P. 41(b), Mr. Williams's Complaint is dismissed with prejudice for failure to prosecute and to comply with a court Order.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order would not be taken in good faith.

**A. RICHARD CAPUTO**
**United States District Judge**